IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLYDE THORNTON,

    Plaintiff,                               CIV S-05-2226 FCD GGH PS

    vs.

B.P.T., et al., SOLANO COUNTY         ORDER TO SHOW CAUSE and
SHERIFF, SACRAMENTO COUNTY       FINDINGS AND RECOMMENDATIONS
SHERIFF,

    Defendants.

_____/

       Previously pending on this court's law and motion calendar for January 11, 2007, were the separate motions to dismiss plaintiff's complaint filed by defendants Board of Parole Hearings (erroneously sued as B.P.T. (the Board of Prison Terms), hereafter "Board"), Solano County (erroneously named Solano County Sheriff) and Sacramento County (erroneously named Sacramento County Sheriff). Defendant Chriss Duenas, agent of record for the Board of Parole Hearings, has filed an answer. For the reasons set forth below, the court vacated the hearing on these matters[1] and issues this order to show cause and findings and recommendations.

---

[1] Upon notification that the hearing was vacated for purposes of obtaining additional briefing, plaintiff retracted his near-simultaneous request that this action be withdrawn. See Docket, Documents 29 and 30.

1

BACKGROUND

Plaintiff filed this action in pro se on November 3, 2005. The court redesignated this a civil rather than a prisoner case on February 13, 2006; granted plaintiff's application to proceed in forma pauperis on March 30, 2006, and dismissed plaintiff's complaint with leave to amend; on June 6, 2006, the court ordered service of plaintiff's amended complaint filed April 11, 2006. The operative complaint seeks damages equivalent to the amount deducted from plaintiff's Social Security payments due to his 46-day detention in May and June 2005.[2] Plaintiff alleges his detention was improper and seeks to be "made whole" for the Social Security Administration's assessment of (1) an "S.S.A" overpayment of $1937.10 for which plaintiff has been made to repay $45 per month since May 2004, and (2) an "S.S.I." overpayment of $2,636.34 for which plaintiff has been required to repay $81.20 per month since "04-05."

The essential facts of the complaint appear to be thus: plaintiff was arrested on May 5, 2005 pursuant to a charge for petty theft and detained in the Sacramento County Jail[3] pursuant to a "No Bail Warrant" issued by the Board in 2002 (per defendant Duenas) due to plaintiff's failure to report to his parole officer following a conviction for driving on a suspended license. Plaintiff contends the warrant was based upon unsupported "hearsay." On June 17, 2005, the Board rescinded plaintiff's parole to April 2003, and notified Sacramento County that plaintiff could no longer be held pursuant to its warrant. However, plaintiff continued to be detained until June 20, 2005, based upon a "No Bail Hold" issued by Solano County for driving on a suspended license. Plaintiff states he was finally released because the warrant could not be located.

---

[2] Social security benefits may legally be suspended during a recipient's incarceration. See, e.g., 42 U.S.C. § 402(x)(1)(A)(i) (suspension of retirement benefits); Butler v. Apfel, 144 F. 3d 622, 625 (suspension constitutional).

[3] Plaintiff was apparently detained in two separate institutions, with a transfer date of May 14, 2005 (see discussion, infra), but the court is unable to ascertain the second place and order of these detentions.

Plaintiff asserts his rights were violated during his incarceration as follows: he was denied blood pressure medication for a period of 18 hours upon his initial detention; he was subsequently denied "free time" because placed with an inmate in lockdown; from May 8 to May 13, he was "taken out for court not seeing the inside of a court room;" he was not allowed to shower until May 14, 2005, the date of his transfer (see n. 3, supra), and then only because he filed a grievance under 15 Cal. Admin. Code §§ 1266 and 1260;[4] and Solano County violated plaintiff's rights by failing to transfer plaintiff to Solano County Jail within five days of his May 5, 2005 signing of a "foreign warrant" pursuant to Cal. Penal Code § 822.[5]

---

[4] 15 Cal. Admin. Code § 1266 provides that inmates shall be permitted to shower upon assignment to a housing unit and at least every other day; § 1260 identifies clothes that meet the "standard issue of climatically suitable clothing."

[5] Cal. Penal Code § 822 provides in full (emphasis added):

If the offense charged is a misdemeanor, and the defendant is arrested in another county, the officer must, without unnecessary delay, inform the defendant in writing of his right to be taken before a magistrate in that county, note on the warrant that he has so informed defendant, and, upon being required by defendant, take him before a magistrate in that county, who must admit him to bail in the amount specified in the indorsement referred to in Section 815a, or if no bail is specified, the magistrate may set bail; if the defendant is admitted to bail the magistrate shall direct the defendant to appear before the court or magistrate by whom the warrant was issued on or before a day certain which shall in no case be more than 25 days after such admittance to bail. If bail be forthwith given, the magistrate shall take the same and indorse thereon a memorandum of the aforesaid order for the appearance of the defendant.

If the defendant arrested in another county on a misdemeanor charge does not require the arresting officer to take him before a magistrate in that county for the purpose of being admitted to bail, or if such defendant, after being admitted to bail, does not forthwith give bail, the arresting officer shall immediately notify the law enforcement agency requesting the arrest in the county in which the warrant was issued that such defendant is in custody, and **thereafter such law enforcement agency shall take custody of such defendant within five days** in the county in which he was arrested and shall take such defendant before the magistrate who issued the warrant, or before some other magistrate of the same county.

If a defendant is arrested in another county on a warrant charging the commission of a misdemeanor, upon which warrant the amount of bail is indorsed as provided

3

The Board moves for dismissal based upon Eleventh Amendment immunity, while Solano and Sacramento Counties move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based their assertion plaintiff has failed to state a claim upon which relief can be granted.

ANALYSIS

BOARD OF PAROLE HEARINGS SHOULD BE DISMISSED

The Board properly seeks dismissal on the ground that it as a political subdivision of the California Department of Corrections, a state entity (citing Cal. Govt. Code § 12838 et seq., regarding the creation and organization of the state Department of Corrections), and is therefore immune from suit under the Eleventh Amendment.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." The Court has extended this provision to protect against suits by citizens against their own states. See Kimel v. Florida Bd. Of Regents, 528 U.S. 62, 72-73, 120 S. Ct. 631 (2000); College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669-670, 119 S. Ct. 2219 (1999); see also, Austin v. State Industrial Insurance System, 939 F.2d 676, 678 (9th Cir.1991) ("central concern is whether a judgment against the entity named as a defendant would impact the state treasury"); O'Connor v. Nevada, 686 F.2d 749, 750 (9th Cir. 1982) (Nevada state courts and agencies immune). While a state may waive its immunity under the Eleventh Amendment, such waiver must be clear and unequivocal.[6] The Board represents

---

in Section 815a, and defendant is held in jail in the county of arrest pending appearance before a magistrate, the officer in charge of the jail shall, to the same extent as provided by Section 1269b, have authority to approve and accept bail from defendant in the amount indorsed on the warrant, to issue and sign an order for the release of the defendant, and, on posting of such bail, shall discharge defendant from custody.

[6] "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984)); see also

there is no applicable waiver, and plaintiff does not assert differently.[7]  Thus, sovereign immunity applies to bar plaintiff's suit against the Board.

Accordingly, the Board of Parole Hearings should be dismissed from this action.

ORDER TO SHOW CAUSE REGARDING THIS COURT'S JURISDICTION

Notwithstanding the motions of Sacramento and Solano Counties to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6),[8] this court is unable to ascertain the federal jurisdictional basis of plaintiff's complaint.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by

\\\\\

---

Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies).  Furthermore, Congress can abrogate state sovereignty pursuant to a valid exercise of power; however, this abrogation must be in clear and unequivocal language.  Seminole Tribe v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1123, 134 L. Ed. 2d 252 (1996).

[7] Moreover, pursuant to the court's discussion, infra, regarding the Civil Rights Act, 42 U.S.C. § 1983, "Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147, 59 L. Ed. 2d 358 (1979).  Furthermore, a state is not a 'person' within the meaning of § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989).  This limitation on § 1983 also extends to 'arms of the State.'  Id. at 70, 109 S. Ct. at 2311."  Hale v. State of Arizona 993 F.2d 1387, 1398 (9th Cir. 1993).

[8] A complaint should be dismissed under Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

any party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

Plaintiff does not allege the basis for this court's federal subject matter jurisdiction.  Plaintiff asserts his "civil rights have been violated," but references only Fed. R. Civ. P. 10 (form of pleadings), the California Penal Code, and the California Administrative Code.  Plaintiff asserts he was deprived of his income and freedom due to improper reliance on unsupportable warrants and, while detained, was denied medical care, free time, access to a court, and a timely shower, but seeks damages only in the amount of Social Security benefits (only generally described) allegedly deducted as a result of his detention.

If plaintiff is challenging only the action of the Social Security Administration, he cannot seek judicial review until he has demonstrated exhaustion of his administrative remedies.  See, e.g., 42 U.S.C. 405(g) (civil action may be commenced within sixty days of final administrative decision).

Alternatively, these contentions, broadly construed, may assert violation of plaintiff's civil rights under the Civil Rights Act, 42 U.S.C. § 1983.  However, to state a claim under this statute, plaintiff must demonstrate deprivation of a federal constitutional or statutory right under color of state law  (see, e.g., Dang Vang v. Toyed, 944 F.2d 476, 479 (9th Cir. 1991); Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992), e.g., violation of plaintiff's Fourteenth Amendment liberty or due process rights.  Significantly, since there is no

Case 2:05-cv-02226-FCD-GGH   Document 31   Filed 01/22/07   Page 7 of 8

respondeat superior liability under § 1983, counties may be sued under the statute only upon a showing that an official policy or custom caused the constitutional tort. See Mt Healthy City School Dist Board of Education v. Doyle, 429 US 274, 280 (1977); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978).  That is, "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." Ortez v. Washington Cty., State of Or., 88 F.3d 804, 811 (9th Cir.1996) (citation and quotations omitted) (alteration in original).  Plaintiff has made no such assertion against Sacramento County or Solano County.

In contrast, to state a § 1983 claim against an individual, such as defendant Duenas, plaintiff must allege how this individual, acting under color of state law, violated a specific federal constitutional or statutory right of plaintiff's resulting in more than di minimis injury.  See, e.g., West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir.1981) (causation and injury).  Here, plaintiff alleges only that defendant Duenas, in preparing the Board's "No Bail Warrant," "used hearsay information to deprive me of my income and finally my freedom and in so doing I have suffered income losses. . . ."  To state a § 1983 claim against Duenas, plaintiff must specify how defendant, acting under color of state law, violated plaintiff's constitutional or statutory rights resulting in substantial injury to plaintiff.  Plaintiff must specify what federal constitutional or statutory interest is at stake, and demonstrate its violation; or, if plaintiff maintains violation of state law, he must explain how this gives rise to the violation of a federal right.

Accordingly, the court shall direct plaintiff and all remaining defendants to show cause why this court should retain, or dismiss, this action based upon its federal subject matter jurisdiction.  Plaintiff bears the burden of demonstrating this court's jurisdiction.

\\\\\

7

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff and each remaining defendant – Sacramento County, Solano County and Chriss Dueanas – demonstrate in writing within thirty days of the filing date of this order whether this court has jurisdiction over the matters set forth in plaintiff's complaint.

Further, IT IS HEREBY RECOMMENDED that the Board of Parole Hearings be dismissed from this action.

These findings and recommendations are submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/19/07                                           /s/ Gregory G. Hollows
                                                           _____
                                                           GREGORY G. HOLLOWS
                                                           U. S. MAGISTRATE JUDGE

GGH5:thor2226.f&r.ord