IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLYDE THORNTON,

    Plaintiff,

No. CIV S-05-2226 FCD GGH PS

vs.

B.P.T., et al., SOLANO COUNTY SHERIFF, SACRAMENTO COUNTY SHERIFF,

FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    On January 22, 2007, this court recommended the dismissal of defendant Board of Prison Terms and ordered all remaining parties – plaintiff and defendants Sacramento County, Solano County and Chriss Duenas – to show cause why this court should retain or dismiss this action based upon its federal subject matter jurisdiction. Still pending are the separate motions to dismiss plaintiff's complaint filed by Sacramento and Solano Counties; defendant Duenas filed an answer to the complaint. Each defendant timely responded to the order to show cause; plaintiff did not file a response.

BACKGROUND

    As set forth in the court's prior order, the operative complaint, filed April 11, 2006, seeks damages equivalent to the amount deducted from plaintiff's Social Security

1

payments when he was detained in a Sacramento County jail for a period of 46 days in May and June 2005.[1] Plaintiff was arrested on May 5, 2005 pursuant to a petty theft charge and a "No Bail Warrant" issued in 2002 by the Board of Prison Terms (per defendant "agent of record" Chriss Duenas). Plaintiff contends the warrant was based upon unsupported hearsay that plaintiff failed to report to his parole officer following a conviction for driving on a suspended license. On June 17, 2005, the Board rescinded plaintiff's parole to April 2003, and notified Sacramento County that plaintiff could no longer be held pursuant to its warrant. However, plaintiff continued to be detained until June 20, 2005, based upon a "No Bail Hold" issued by Solano County for driving on a suspended license. Plaintiff states he was finally released because the warrant could not be located.

Plaintiff asserts that during his detention he was denied blood pressure medication for a period of 18 hours, denied free time when placed with an inmate in lockdown, "taken out for court not seeing the inside of a court room" from May 8 to May 13, and not allowed to shower until May 14, 2005. Plaintiff also asserts Solano County erred in failing to transfer him to Solano County Jail within five days of his May 5, 2005 signing of a "foreign warrant" pursuant to Cal. Penal Code § 822.

Plaintiff seeks to be "made whole" for the Social Security Administration's assessment of (1) an "S.S.A" overpayment of $1937.10 for which plaintiff has been made to repay $45 per month since May 2004, and (2) an "S.S.I." overpayment of $2,636.34 for which plaintiff has been required to repay $81.20 per month since "04-05."

Solano and Sacramento Counties moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on their respective assertions plaintiff has failed to state a claim upon which relief can be granted, and maintain this position in their responses to this court's order to show cause.

/ / / / /

---

[1] Plaintiff was apparently detained in two separate institutions, with a transfer date of May 14, 2005, but the court is unable to ascertain the second place and order of these detentions.

LEGAL STANDARDS

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Lack of subject matter jurisdiction is so fundamental that it may be raised at any time by any party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff bears the burden of demonstrating the court's jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction"). Plaintiff herein seeks to invoke this court's federal question jurisdiction, as the criteria for diversity jurisdiction (diverse citizenship and amount in controversy exceeding $75,000) are not met. However, unless a complaint presents a plausible assertion of a substantial federal right, a federal court is without federal question jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).

DISCUSSION

Plaintiff has failed to meet his burden of demonstrating this court's jurisdiction. Although plaintiff generally asserts his "civil rights have been violated," his only reference to federal law is a rule of procedure (Fed. R. Civ. P. 10 (form of pleadings)). Despite the court's efforts in setting forth the requirements for making a claim against Sacramento and Solano Counties pursuant to 42 U.S.C. § 1983,[2] plaintiff has made no effort to conform his allegations

---

[2] As set forth in the court's January 22, 2007 order (at pp. 6-7):

[T]hese contentions, broadly construed, may assert violation of plaintiff's civil rights under the Civil Rights Act, 42 U.S.C. § 1983. However, to state a claim

accordingly.

Nor has plaintiff stated a viable claim under the Social Security Act. The only remedy plaintiff seeks is a refund for the Social Security payments withheld during his detention. However, plaintiff has not demonstrated exhaustion of administrative remedies before seeking judicial review. 42 U.S.C. 405(g) (civil action may be commenced within sixty days of final administrative decision). More significantly, it is well established that Social Security benefits may legally be suspended during a recipient's incarceration. See, e.g., 42 U.S.C. § 402(x)(1)(A)(i) (suspension of retirement benefits); Butler v. Apfel, 144 F. 3d 622, 625 (suspension constitutional).

The court will therefore recommend that the counties' motions to dismiss be granted.

The court will also recommend dismissal of remaining defendant Duenas. As the court stated in its prior order, "to state a §1983 claim against an individual, such as defendant Duenas, plaintiff must allege how this individual, acting under color of state law, violated a specific federal constitutional or statutory right of plaintiff's resulting in more than di minimis injury. See, e.g., West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255 (1988); Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir.1981) (causation and

---

under this statute, plaintiff must demonstrate deprivation of a federal constitutional or statutory right under color of state law (see, e.g., Dang Vang v. Toyed, 944 F.2d 476, 479 (9th Cir. 1991); Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992), e.g., violation of plaintiff's Fourteenth Amendment liberty or due process rights. Significantly, since there is no respondeat superior liability under § 1983, counties may be sued under the statute only upon a showing that an official policy or custom caused the constitutional tort. See Mt Healthy City School Dist Board of Education v. Doyle, 429 US 274, 280 (1977); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978). That is, "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." Ortez v. Washington Cty., State of Or., 88 F.3d 804, 811 (9th Cir.1996) (citation and quotations omitted) (alteration in original). Plaintiff has made no such assertion against Sacramento County or Solano County.

injury).  Here, plaintiff alleges only that defendant Duenas, in preparing the Board's 'No Bail Warrant,' 'used hearsay information to deprive me of my income and finally my freedom and in so doing I have suffered income losses. . . .'  To state a § 1983 claim against Duenas, plaintiff must specify how defendant, acting under color of state law, violated plaintiff's constitutional or statutory rights resulting in substantial injury to plaintiff.  Plaintiff must specify what federal constitutional or statutory interest is at stake, and demonstrate its violation; or, if plaintiff maintains violation of state law, he must explain how this gives rise to the violation of a federal right."  January 22, 2007 Order, at p. 7.

Despite this guidance, plaintiff has failed to articulate a § 1983 claim against defendant Duenas, and the court finds no other basis for maintaining this action against him.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the motions to dismiss filed by defendant Solano County on October 12, 2006, and by defendant Sacramento County on November 15, 2006, BE GRANTED.  IT IS FURTHER RECOMMENDED that defendant Chriss Duenas and this action in its entirety BE DISMISSED for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1  may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2  Cir. 1991).
3  DATED: 3/9/07

4                                          /s/ Gregory G. Hollows
                                            _____
5                                          GREGORY G. HOLLOWS
                                           U. S. MAGISTRATE JUDGE
6  GGH5:thor2226.f&r.osc